**PINILISHALPERN, LLP**
GABRIEL H. HALPERN (GH 5395)
237 South Street
Morristown, New Jersey 07960
Tel: (973) 401-1111
Fax: (973) 401-1114

**STEPHEN M. GAFFIGAN, P.A.**
STEPHEN M. GAFFIGAN
312 Southeast 17th Street, Second Floor
Ft. Lauderdale, Florida 33316
Tel: (954) 767-4819
Fax: (954) 767-4821
Counsel for Plaintiff

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIFTED RESEARCH GROUP, INC., a California corporation | Case No. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |
| v. | |
| MOHAMMAD AFZAL CHAUDHRY d/b/a URBANMENSCLOTHING d/b/a ALM INTERNATIONAL, and DOES 1-10, | |
| Defendants. | |

Plaintiff, LIFTED RESEARCH GROUP, INC., a California corporation ("LRG") sues Defendants, MOHAMMAD AFZAL CHAUDHRY d/b/a

1

URBANMENSCLOTHING d/b/a ALM INTERNATIONAL ("CHAUDHRY") and DOES 1-10 (collectively "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1. This action seeks to enforce 15 U.S.C. §§ 1114, 1116, 1121, and 1125(a). Furthermore, this action is one in which diversity of citizenship exists and the amount in dispute exceeds $75,000. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 13332, and 1338. Venue is proper in this Court under 28 U.S.C. § 1391 since the named Defendants' principal place of business is within this District and Defendants conduct business activities within this District. Furthermore, venue is appropriate since a substantial portion of the acts giving rise to this case occurred within this District.

## THE PARTIES

2. LRG is a corporation duly organized under the laws of the State of California with its principal place of business in the United States located at One Capital Drive, Lake Forest, California 92630. LRG is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, apparel under the federally registered trademarks L R G,  and  (collectively, the "LRG Marks").

3. Chaudhry is an individual who, upon information and belief, conducts business within this Judicial District at 49 Harrison Street, # 2, Hoboken, New

2

Jersey 07030.  Chaudhry uses at least the names UrbanMensClothing and ALM International as aliases to operate his business.

4. Upon information and belief, Chaudhry is directly and personally engaging in the sale of counterfeit products as alleged herein.

5. Defendants Doe 1 through 5 are, upon information and belief, individuals who reside and/or conduct business within this Judicial District.  Further, Does 1 through 5 are directly and personally contributing to, inducing, and engaging in the sale of counterfeit products as alleged herein as partners, business associates, collaborators, or suppliers to the named Defendant.  Plaintiff is presently unaware of the true names of Does 1 through 5.  Plaintiff will amend this Complaint upon discovery of the identities of such defendants.

6. Defendants Doe 6 through 10 are business entities which, upon information and belief, reside and/or conduct business within this Judicial District.  Moreover, Does 6 through 10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners, business associates, collaborators, or suppliers to the named Defendant.  Plaintiff is presently unaware of the true names of Does 6 through 10.  Plaintiff will amend this Complaint upon discovery of the identities of such defendants.

## COMMON FACTUAL ALLEGATIONS

7. LRG is the owner of the following U. S. trademark registrations:

3

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| L R G | 2,633,832 | October 15, 2002 |
| [logo] | 2,958,307 | May 31, 2005 |
| [logo] | 2,506,859 | November 13, 2001 |

The LRG Marks are registered in International Class 25 and are used in connection with the manufacture and distribution of, among other things, apparel, shirts and jeans.  Additionally, LRG is the owner of United States Copyright Registration No. VA-1-348-151 (the "LRG Copyright").  LRG's ownership and registration of the LRG Copyright precedes Defendants' infringement as alleged herein.

  8. The LRG Marks and Copyright have been used in interstate commerce to identify and distinguish LRG's high quality apparel and other products for an extended period of time.

  9. The LRG Marks and Copyright have never been assigned or licensed to any of the Defendants in this matter.

  10. The LRG Marks are symbols of the Plaintiff's quality, reputation, and goodwill and have never been abandoned.

  11. Further, LRG has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the LRG Marks.  The

LRG Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

12. Plaintiff has extensively used, advertised, and promoted the LRG Marks in the United States in association with the sale of apparel and other goods and has carefully monitored and policed the use of the LRG Marks.

13. As a result of the Plaintiff's efforts, members of the consuming public readily identify merchandise bearing the LRG Marks as being high quality merchandise sponsored and approved by the LRG.

14. Accordingly, the LRG Marks have achieved secondary meaning as an identifier of high quality products, including apparel and other goods.

15. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of LRG's ownership of the LRG Marks and Copyright, including its exclusive right to use and license the LRG Marks and Copyright and the goodwill associated therewith.

16. LRG has discovered the Defendants are manufacturing, promoting, and otherwise advertising, distributing, selling, and/or offering for sale counterfeit products, including at least apparel bearing trademarks which are exact copies of the LRG Marks (the "Counterfeit Goods"). Specifically, upon information and belief, the Defendants are using the LRG Marks in the same stylized fashion for different quality goods.

17. Upon information and belief, the Defendants' Counterfeit Goods are of a quality substantially different from LRG's genuine goods. The Defendants, upon information and belief, are actively manufacturing, promoting, and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by LRG. The net effect of the Defendants' actions is to confuse consumers who will believe the Defendants' Counterfeit Goods are genuine goods originating from and approved by the LRG.

18. Upon information and belief, the Defendants import and/or manufacture their Counterfeit Goods and advertise those goods for sale to the consuming public. In advertising these products, the Defendants use LRG's Marks. The Defendants also reproduce, distribute, use, offer to sell and sell copies of the designs protected by the LRG Copyright. Indeed, the Defendants, upon information and belief, misappropriated LRG's advertising ideas and business styles with respect to LRG's genuine products. Upon information and belief, the Defendants misappropriated LRG's advertising ideas in the form of the LRG Marks and Copyright, in part, in the course of Defendants' own advertising activities. The Defendants' acts are the proximate cause of damage to LRG.

19. Upon information and belief, the Defendants are conducting their counterfeiting activities at least within this Judicial District and elsewhere

throughout the United States. Defendants' infringement and disparagement of LRG's trademark rights are not simply a misdescription of their goods or a mere failure of the goods to conform to advertised quality or performance. By their activities, the Defendants are defrauding LRG and the consuming public for their own benefit.

20. The Defendants' use of the LRG Marks and Copyright, including the manufacture, importation, promotion, advertising, distribution, sale, and offering for sale of the Counterfeit Goods, is without LRG's consent or authorization.

21. Further, the Defendants, upon information and belief, may be engaging in the above-described illegal counterfeiting activities knowingly and intentionally, or with reckless disregard or willful blindness to LRG's rights, for the purpose of trading on the goodwill and reputation of LRG. If the Defendants' counterfeiting activities are not preliminarily and permanently enjoined by this Court, LRG and the consuming public will continue to be damaged.

22. The Defendants' infringing activities described above are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing a connection or association exists between the LRG's genuine goods and the Defendants' Counterfeit Goods.

23. LRG has no adequate remedy at law.

24. LRG is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

25. The injuries and damages sustained by LRG are directly and proximately caused by the Defendants' wrongful importation, advertisement, promotion, and sale of their Counterfeit Goods.

26. LRG has retained the undersigned counsel to represent it in this matter and is obligated to pay a reasonable fee for such representation.

**COUNT I – TRADEMARK COUNTERFEITING AND INFRINGEMENT**

27. Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 above.

28. This action is for trademark counterfeiting and infringement against the Defendants based on the Defendants' promotion, advertisement, distribution, sale, and/or offering for sale of the Counterfeit Goods bearing the LRG Marks.

29. Specifically, the Defendants, upon information and belief, are importing or manufacturing, promoting, and otherwise advertising, selling, offering for sale, and distributing counterfeit and infringing apparel and other goods. The Defendants are continuously infringing and inducing others to infringe the LRG Marks by using them to advertise, promote, and sell counterfeit apparel and other goods.

30. Defendants' counterfeiting activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the LRG Marks.

31. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to LRG.

32. Defendants' above-described illegal actions constitute counterfeiting and infringement of the LRG Marks in violation of LRG's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

33. LRG has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not preliminarily and permanently enjoined.

### COUNT II – FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT

34. Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 above.

35. Defendants' Counterfeit Goods bearing the LRG Marks have been widely advertised and distributed throughout the United States.

36. The Defendants' Counterfeit Goods bearing the LRG Marks are virtually identical in appearance to each of the Plaintiff's respective genuine goods.

However, the Counterfeit Goods are inferior in quality. Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to the origin or sponsorship of the Counterfeit Goods.

37. The Defendants, upon information and belief, have used in connection with their sales of Counterfeit Goods false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to describe or represent such goods falsely and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of the Plaintiff.

38. Specifically, the Defendants, upon information and belief, authorized and engaged in an infringing use of the LRG Marks in the Defendants' advertisement and promotion of their counterfeit and infringing apparel. The Defendants, upon information and belief, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

39. The Defendants' above-described actions are in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Plaintiff has sustained injury and damage caused by Defendants' conduct. Absent an entry of an injunction by this Court, the Plaintiff will continue

to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT III - TRADEMARK DILUTION

41. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 26 above.

42. The LRG Marks are famous trademarks within the meaning of 15 U.S.C. § 1125(c). The LRG Marks are advertised and used extensively throughout the United States and the remainder of the world, and are highly recognizable by the trade and the consuming public. Further, the Plaintiff actively polices the use of the LRG Marks by third parties.

43. The Defendants are engaged in a commercial use of the LRG Marks in commerce.

44. The Defendants' above-described counterfeiting activities are disparaging, damaging and lessening to the distinctiveness of the LRG Marks through, at least, blurring and tarnishment of said Marks. Indeed, the Defendants are publishing materials in their advertising which disparage Plaintiff's products by, at least, creating an unfair comparison between Plaintiff's genuine goods and the Defendants' Counterfeit Goods.

45. The Defendants' actions described herein may have been engaged in intentionally or with a reckless disregard for or willful blindness to the Plaintiff's

11

rights for the purpose of trading on the Plaintiff's reputation and diluting the LRG Marks.

46. As a result of the above described diluting and disparaging activities of the Defendants, the Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.

## COUNT IV – COPYRIGHT INFRINGEMENT

47. Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 above.

48. This is an action for copyright infringement against the Defendants.

49. The Defendants have infringed and will continue to infringe the LRG Copyright at least by copying, selling, advertising, reproducing and placing into a chain of distribution, unauthorized copies or derivations of LRG's copyrighted work in violation of 17 U.S.C. § 501.

50. Upon information and belief, the Defendants may be knowingly and willfully engaging in the copyright infringement alleged herein for the purpose of profiting therefrom.

51. The Defendants' unlawful actions have caused and are continuing to cause damage to the Plaintiff. The Plaintiff will continue to suffer irreparable injury due to the above described activities of the Defendants absent entry of a preliminary and permanent injunction.

## COUNT V – COMMON LAW TRADEMARK INFRINGEMENT

52. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 26 above.

53. This action is for trademark infringement against the Defendants based on their manufacture, promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the LRG Marks in violation of LRG's common law trademark rights.

54. Specifically, the Defendants are importing or manufacturing, promoting, and otherwise advertising, selling, offering for sale, and distributing infringing apparel.

55. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the LRG Marks.

56. As a result of the above described trademark infringement activities of the Defendants, the Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.

## COUNT VI - COMMON LAW UNFAIR COMPETITION

57.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 above.

58.     This action is for unlawful appropriation of LRG's exclusive rights in the LRG Marks and is against the Defendants based on their unauthorized manufacture, promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the LRG Marks in violation of New Jersey's common law of unfair competition.

59.     Specifically, the Defendants are unlawfully importing or manufacturing, promoting, and otherwise advertising, selling, offering for sale, and distributing apparel and other goods bearing the LRG Marks.

60.     Defendants' wrongful activities of unauthorized use of the LRG Marks, in attempting to pass off their products as if they are LRG products in a manner calculated to deceive members of the trade and the general public, are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of the Defendants' products by their use of the LRG Marks.

61.     The natural, probable, and foreseeable consequences of the Defendants' wrongful conduct have been and will continue to be the deprivation of the exclusive rights LRG has in and to its intellectual property.

62. Defendants' wrongful acts of unauthorized use of the LRG Marks have and will continue to cause LRG substantial injury including loss of customers, dilution of its reputation, dilution of its goodwill, confusion of existing and potential customers, loss of its reputation, and diminution of the value of its intellectual property. The harm these wrongful acts cause to LRG is both imminent and irreparable, and the amount of damage sustained by LRG will grow even more difficult to ascertain if these acts continue.

63. As a result of the above described wrongful activities of unfair competition by the Defendants, the Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.

**PRAYER FOR RELIEF**

64. WHEREFORE, the Plaintiff demands judgment jointly and severally against the Defendants as follows:

    a. That the Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the LRG Marks and/or LRG Copyright; from using the LRG Marks or any mark or

trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark, or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff; from falsely representing themselves as being connected with the Plaintiff, through sponsorship or association, or engaging in any act which is likely to cause members of the trade and/or the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with the Plaintiff; from using any reproduction, counterfeit, copy, or colorable imitation of the LRG Marks and/or LRG Copyright in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, apparel and/or any other goods; from affixing, applying, annexing, or using in connection with the sale of any goods a false description or representation, including words or other symbols tending to describe or represent Defendants' goods falsely as being those of the Plaintiff, or in any way endorsed by the Plaintiff, and from offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff.

    b. That the Defendants be required to account to and pay Plaintiff for all profits and damages resulting from Defendants' infringing and counterfeiting activities and that the award to Plaintiff be trebled, as provided for

16

under 15 U.S.C. § 1117, or, at Plaintiff's election with respect to Count I, that LRG be awarded statutory damages from each defendant in the amount of one million ($1,000,000) dollars per each counterfeit LRG Mark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

   c. The Defendants be required to pay LRG for all damages sustained by LRG in consequence of Defendants' copyright infringement described above together with appropriate interest thereon;  The Defendants be required to account to LRG for, and disgorge to LRG, and to pay to LRG, all the gains, profits, savings and advantages realized by Defendants from their acts of copyright infringement descried above;  That LRG be awarded, at its election, statutory damages within the provisions of Sections 504(c) of the Copyright Act, 17 U.S.C. § 504(c), enhanced to reflect the willful nature of Defendants' infringement, instead of an award of actual damages or profits, and be awarded its costs and disbursements incurred in this action, including reasonable attorney fees pursuant to 17 U.S.C. § 505.

   d. That Plaintiff be awarded punitive damages.

   e. That Plaintiff be awarded pre-judgment interest on its judgment.

   f. That Plaintiff be awarded at least treble damages as well as its costs and reasonable attorney fees and investigators fees associated with bringing this action.

   g. That the Plaintiff be awarded such other and further relief as the Court may deem just and proper.

DATED this 22 day of November 2006. PINILISHALPERN, LLP
                Attorneys for Plaintiff


                By:__/s/Gabriel H. Halpern____
                  GABRIEL H. HALPERN